

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SHERYL ANDERSON, | ) | Case No. CV 14-153-JEM |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

**PROCEEDINGS**

On January 13, 2014, Sheryl Anderson ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability and Disability Insurance benefits and for Supplemental Security Income ("SSI") benefits. The Commissioner filed an Answer on April 21, 2014. On June 26, 2014, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff Sheryl Anderson is a 56-year-old female who applied for Social Security Disability and Disability Insurance benefits on September 23, 2011 and Supplemental Security Income benefits on September 28, 2011, alleging disability beginning March 29, 2011. (AR 20.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since March 29, 2011, the alleged onset date. (AR 23.)

Plaintiff's claims were denied initially on December 28, 2011. (AR 20.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Edward P. Schneeberger on September 7, 2012 (AR 20), in Downey, California. Claimant appeared and testified at the hearing and was represented by counsel. (AR 20.) Vocational expert ("VE") Alan Ey also appeared and testified at the hearing. (AR 20.) The ALJ decided to conduct an evidentiary hearing which occurred on February 6, 2013. (AR 20-21.) On April 15, 2013, the case came on for a supplemental hearing. (AR 21.) Claimant appeared and was represented by counsel. (AR 21.) Also appearing was Elizabeth Ramos, an impartial VE. (AR 21.)

The ALJ issued an unfavorable decision on July 30, 2013. (AR 20-28.) The Appeals Council denied review on December 4, 2013. (AR 1-4.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1.   Whether the ALJ properly considered Plaintiff's subjective complaints and credibility.

2.   Whether the ALJ erred in evaluating the medical evidence.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan,

924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at

746.  An impairment is not severe if it does not significantly limit the claimant's ability to work.  Smolen, 80 F.3d at 1290.  Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations.  Parra, 481 F.3d at 746.  If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled.  Bowen, 482 U.S. at 141.  Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).  Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").  20 C.F.R. § 416.920(e).  The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The RFC must consider all of the claimant's impairments, including those that are not severe.  20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity.  Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).  The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity.  Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R. § 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits.  Id.

4

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since March 29, 2011, the alleged onset date.  (AR 23.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairment: asthma (20 C.F.R. §§ 404.1520(c) and 416.920(c)). (AR 23.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  (AR 23.)

The ALJ then found that Plaintiff has the RFC to perform medium work as defined in §§ 20 C.F.R. 404.1567(c) and 416.967(c) with the following limitations:

> Claimant can lift and/or carry fifty pounds occasionally, twenty-five pounds frequently; Claimant can sit, stand or walk for six hours out of an eight-hour workday; Claimant can occasionally climb and stoop; the work environment must be reasonably free of dust, fumes and smoke.

(AR 24-27.)  In determining this RFC, the ALJ made an adverse credibility determination. (AR 27.)

At step four, the ALJ found that Plaintiff is capable of performing her past relevant work as a bus driver as actually and generally performed.  (AR 27-28.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act.  (AR 28.)

**DISCUSSION**

The ALJ decision must be affirmed.  The ALJ properly considered the medical evidence, and properly discounted Plaintiff's credibility.  The ALJ's RFC is supported by substantial evidence.  The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

I.      **THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE**

      A.      **Relevant Federal Law**

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir.

1  2002).  Where a treating physician's opinion is contradicted by an examining

2  professional's opinion, the Commissioner may resolve the conflict by relying on the

3  examining physician's opinion if the examining physician's opinion is supported by

4  different, independent clinical findings.  See Andrews v. Shalala, 53 F.3d 1035, 1041

5  (9th Cir. 1995); Orn, 495 F.3d at 632.  Similarly, to reject an uncontradicted opinion of an

6  examining physician, an ALJ must provide clear and convincing reasons.  Bayliss v.

7  Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).  If an examining physician's opinion is

8  contradicted by another physician's opinion, an ALJ must provide specific and legitimate

9  reasons to reject it.  Id.  However, "[t]he opinion of a non-examining physician cannot by

10  itself constitute substantial evidence that justifies the rejection of the opinion of either an

11  examining physician or a treating physician"; such an opinion may serve as substantial

12  evidence only when it is consistent with and supported by other independent evidence in

13  the record.  Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

14      **B.    Analysis**

15      The ALJ found that Plaintiff's only severe medical impairment is asthma.  (AR 23.)

16  The ALJ also found that Plaintiff's asthma was completely controlled and has not

17  resulted in any daily activity limitations or exercise limitations.  (AR 26.)  The ALJ,

18  moreover, accommodated this impairment in his RFC by restricting Plaintiff to a medium

19  work RFC with occasional stooping and climbing and a work environment "reasonably

20  free of dust, fumes and smoke."  (AR 24, 26.)  Plaintiff challenges the ALJ's severity

21  finding, asserting that Claimant has other severe medical impairments.  The ALJ's RFC,

22  however, is supported by substantial evidence.

23      At step two of the sequential inquiry, the ALJ determines whether the claimant has

24  a medically severe impairment or combination of impairments.  Bowen v. Yuckert, 482

25  U.S. at 140-41.  An impairment is not severe if it does not significantly limit the claimant's

26  ability to work.  Smolen, 80 F.3d at 1290.  The ALJ, however, must consider the

27  combined effect of all the claimant's impairments on his ability to function, regardless of

28

1  whether each alone was sufficiently severe.  Id.  Also, the ALJ must consider the

2  claimant's subjective symptoms in determining severity.  Id.

3      The step two determination is a de minimis screening device to dispose of

4  groundless claims.  Bowen v. Yuckert, 482 U.S. at 153-54.  An impairment or

5  combination of impairments can be found nonsevere only if the evidence establishes a

6  slight abnormality that has no more than a minimal effect on an individual's ability to

7  work.  SSR 85-28; Webb v. Barnhart, 433 F.3d 683, 686-87 (9th Cir. 2006); Smolen, 80

8  F.3d at 1290; Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988) (adopting SSR 85-

9  28).  If an adjudicator is unable to determine clearly the effect of an impairment or

10  combination of impairments on the individual's ability to do basic work activities, the

11  sequential process should not end at step two.  Webb, 433 F.3d at 687 (adopting SSR

12  85-28).

13      Here, the process did not end at step two.  The ALJ considered all of Plaintiff's

14  impairments, severe and nonsevere, in assessing Plaintiff's RFC.  Plaintiff testified to a

15  multitude of physical symptoms – dizziness, trouble stooping, numb feet, inability to

16  walk, problems lifting, and falling, among others.  (AR 25.)  Although treating records in

17  July 2011 reflect complaints of bilateral feet swelling and knee pain, the examination

18  revealed only mild edema and the joints and bilateral knees were within normal limits.

19  (AR 25.)  An X-ray of the lumbar spine revealed minimal spondylosis.  (AR 25, 170.)  A

20  November 19, 2011 internal medicine consulting examination by Dr. Scheila Benrazavi

21  noted diabetes with some numbness in the feet and beginning signs of diabetic

22  neuropathy (AR 664, 669) but also found normal range of motion in all extremities and

23  assessed a medium work RFC.  (AR. 664-669.)  As the ALJ observed, Claimant's

24  physicians evaluated her complaints through various diagnostic studies "without

25  apparent limitations."  (AR 25.)  The ALJ also noted that, despite claims of leg

26  weakness, Plaintiff exercised one to two hours a day, hiked, biked and lifted weights.

27  (AR 25, 26.)  Thus, the ALJ reasonably found that "the medical record does not support

28

8

1   the presence of physical impairments that would result in more than minimal limitations."
2   (AR 26.)

3          As to mental impairments, Plaintiff has alleged depression, anxiety and post-
4   traumatic stress disorder, for which she is taking medication.  (AR 24-26.)  The primary
5   medical evidence of psychiatric problems at the time of the September 7, 2012 hearing,
6   however, comes from the November 25, 2011 report of consulting psychiatrist Dr. Sohini
7   Parikh.  (AR 674-680.)  He diagnosed only mood disorder and assessed a Global
8   Assessment of Functioning (GAF) score of 70, which is an indication of mild symptoms
9   and that Plaintiff was "generally functioning pretty well".  (AR 679.)  He also found no
10  impairments in the ability to function at work or in daily activities and social functioning.
11  (AR 679-680.)  Although Plaintiff claims documentation of major depression and post-
12  traumatic stress disorder, these Kaiser records in 2010 also indicate that Plaintiff's
13  mental impairments were well controlled.  (AR 289, 305, 322, 329.)

14         Shortly after the hearing, Plaintiff was voluntarily admitted to a partial
15  hospitalization program.  (AR 24-25.)  After the two-month program was complete, she
16  was discharged home with a prescription for Prozac.  (AR 25.)  Follow-up with a
17  psychiatrist is ongoing.  (AR 25.)  Recent 2013 group therapy notes indicate Plaintiff's
18  mood is stable, she is not in crisis, she is coherent and her memory and judgment are
19  normal.  (AR 25, 1163.)  Accordingly, the ALJ found that Plaintiff's mental impairment
20  was no longer severe and in any event does not meet the 12 month durational
21  requirement.  (AR 25, 27.)

22         Plaintiff also contends that long term corticosteroid use for her asthma condition
23  has resulted in instability, propensity to fall and lower extremity weakness.  (AR 26.)  The
24  ALJ, however, found that Claimant had not used cortical steroids for two years.  (AR 26.)
25  The ALJ also found that Plaintiff's physician Dr. Kaplan did not examine her lower
26  extremities or link Plaintiff's complaints of leg weakness to corticosteroid use.  (AR 26.)
27  The ALJ also noted that Claimant's contentions of instability, falling and leg weakness

28

1  are inconsistent with her one to two hour a day workouts at the gym which do not

2  support the alleged severity of her lower extremity symptoms.  (AR 26.)

3       Plaintiff relies on two letters by her treating physician Dr. Kaplan dated August 20,

4  2012 and February 21, 2013 that Plaintiff has experienced "signs and symptoms that are

5  known to be associated with prolonged or repeated corticosteroid use."  (AR 993, 1143.)

6  Dr. Kaplan did not say Plaintiff was disabled or offer any functional limitation

7  assessment.  The ALJ, moreover, "gave little weight" to Dr. Kaplan's statements

8  because they are inconsistent with his own treating notes.  An ALJ can reject a treating

9  physician's assessment where contradicted by the physician's notes.  Walsh v. Barnhart,

10  70 Fed. Appx. 929, 931 (9th Cir. 2003); Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir.

11  2001) (opinion that Plaintiff was disabled contradicted by improvement noted in records).

12  For example, a February 2, 2012 treatment note of Dr. Kaplan indicates that Claimant's

13  asthma is well controlled with no exacerbations requiring oral corticosteroids or limitation

14  of daily activities.  (AR 926.)  A December 20, 2012 treating note says the same.  (AR

15  111.)  Accordingly, the ALJ discounted Dr. Kaplan's statements for specific, legitimate

16  reasons supported by substantial evidence.

17       The ALJ's step two severity finding, then, is supported by substantial evidence.

18  Plaintiff, moreover, mistakenly focuses on impairments instead of disabling limitations.

19  As the ALJ found, the treating record contains no assessment of functional limitations

20  deriving from physical impairments, mental impairments or corticosteroid use, other than

21  for Claimant's asthma which has been accommodated in the ALJ's RFC.  (AR 27.)

22  Plaintiff disagrees with the ALJ's evaluation of the medical evidence but the ALJ is the

23  one responsible for resolving conflicts in the medical evidence and ambiguities in the

24  record.  Andrews, 53 Fd at 1039.  Where the ALJ's interpretation of the record is

25  reasonable as it is here, it should not be second-guessed.  Rollins, 261 F.3d at 857.

26  / / /

27  / / /

28  / / /

1   **II.    THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S CREDIBILITY**

2        **A.    Relevant Federal Law**

3        The test for deciding whether to accept a claimant's subjective symptom testimony

4   turns on whether the claimant produces medical evidence of an impairment that

5   reasonably could be expected to produce the pain or other symptoms alleged.  Bunnell

6   v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick, 157 F.3d at 722;

7   Smolen, 80 F.3d at 1281-82 esp. n.2.  The Commissioner may not discredit a claimant's

8   testimony on the severity of symptoms merely because they are unsupported by

9   objective medical evidence.  Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345.  If

10  the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make

11  findings which support this conclusion."  Bunnell, 947 F.2d at 345.  The ALJ must set

12  forth "findings sufficiently specific to permit the court to conclude that the ALJ did not

13  arbitrarily discredit claimant's testimony."  Thomas, 278 F.3d at 958; see also Rollins,

14  261 F.3d at 856-57; Bunnell, 947 F.2d at 345-46.  Unless there is evidence of

15  malingering, the ALJ can reject the claimant's testimony about the severity of a

16  claimant's symptoms only by offering "specific, clear and convincing reasons for doing

17  so."  Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722.  The ALJ must

18  identify what testimony is not credible and what evidence discredits the testimony.

19  Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

20       **B.    Analysis**

21       In determining Plaintiff's RFC, the ALJ concluded that Claimant's medically

22  determinable impairments reasonably could be expected to cause some of her alleged

23  symptoms.  (AR 27.)  The ALJ, however, also found that Plaintiff's statements regarding

24  the intensity, persistence and limiting effects of these symptoms were "not credible" to

25  the extent inconsistent with the ALJ's RFC.  (AR 27.)  Because the ALJ did not make a

26  finding of malingering, he was required to provide clear and convincing reasons

27  supported by substantial evidence to discount Plaintiff's credibility.  Smolen, 80 F.3d at

28  1283-84.  The ALJ did so.

First, the ALJ found that the objective medical evidence does not support the alleged severity of Claimant's symptoms.  (AR 27.)  An ALJ is entitled to consider whether there is a lack of medical evidence to corroborate a claimant's alleged pain symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005).  As noted above, Plaintiff's asthma is her only severe impairment, which was well controlled and accommodated by a medium work RFC with occasional stooping and climbing and a restriction to a work environment reasonably free of dust, fumes and smoke.  (AR 23, 24, 26-27.)  The medical record does not support the presence of limitations due to long term steroid use in treating Plaintiff's asthma.  (AR 26.)  The medical record does not support the presence of physical impairments that result in more than minimal limitations.  (AR 26.) The medical evidence indicates Plaintiff's mental impairments are no longer severe and would not meet the durational requirement.  (AR 25.)

Second, the ALJ noted daily activities inconsistent with disabling impairments and limitations, which is a legitimate reason for discounting credibility.  Bunnell, 947 F.2d at 345-46.  Here, the ALJ  found that Plaintiff was working out frequently, walking, hiking, biking, and lifting weights.  (AR 25.)  The ALJ specifically found Plaintiff's allegations were not corroborated by her activity level.  (AR 27.)

The ALJ discounted Plaintiff's credibility for clear and convincing reasons supported by substantial evidence.

* * *

The ALJ's RFC is supported by substantial evidence.  The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

/ / /

/ / /

/ / /

/ / /

/ / /

**ORDER**

      IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: <u>August 19, 2014</u>           <u>         /s/ John E. McDermott        </u>
                                              JOHN E. MCDERMOTT
                                              UNITED STATES MAGISTRATE JUDGE